**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0128-15T2

JACQUELINE NGUYEN and
DENNIS NGUYEN,[1]

    Plaintiffs-Appellants,

v.

ESTELLE FLYNN LORD,

    Defendant-Respondent.

_____

        Submitted January 11, 2017 — Decided October 19, 2017

        Before Judges Fuentes and Simonelli.

        On appeal from Superior Court of New Jersey,
        Law Division, Union County, Docket No. L-4382-
        13.

        Jacqueline Nguyen and Dennis Nguyen,
        appellants pro se.

        Estelle Flynn Lord, respondent pro se.

    The opinion of the court was delivered by

FUENTES, P.J.A.D.

---

[1] Although Dennis Nguyen appears in the caption, only Jacqueline Nguyen signed and filed the Notice of Appeal required by Rule 2:5-1(a). We are also guided by the information required to be provided by an appellant pursuant to Rule 2:5-1(f)(3)(A).

This case originated in the Law Division as a legal malpractice action filed pro se by plaintiff Jacqueline Nguyen against her former attorney, defendant Estelle Flynn Lord. On June 14, 2015, Judge Kenneth J. Grispin granted defendant's motion for summary judgment and dismissed with prejudice the legal malpractice action. Judge Grispin found that the October 24, 2014 report submitted by plaintiff's expert, attorney Peter A. Ouda, was a net opinion. Plaintiff thereafter filed a motion for reconsideration pursuant to Rule 4:49-2 which was heard and denied in an order dated August 21, 2015. Judge Grispin placed his reasons for denying the motion for reconsideration on the record as required by Rule 1:7-4(a).

Plaintiff now appeals from the August 21, 2015 order denying her motion for reconsideration. We affirm.

Consistent with the limited scope of the appeal, plaintiff has provided the transcript of the reasons placed on the record by Judge Grispin on August 21, 2015, in support of his decision to deny the motion for reconsideration. We will thus limit our review accordingly. Sikes v. Twp. of Rockaway, 269 N.J. Super. 463, 465-66 (App. Div.) (declining to review trial ruling not identified in notice of appeal), aff'd o.b., 138 N.J. 41 (1994).

At the oral argument for plaintiff's motion for reconsideration, Judge Grispin noted that plaintiff submitted a

supplemental report from attorney Ouda[2] dated June 14, 2015.  Judge

Grispin characterized this submission as a

> belated response to the motion filed by the
> defendant, because in the second report it
> specifically refers to the motion which had
> been decided two days earlier.  The . . .
> second report, mentions the motion papers
> filed on behalf of the defendant and takes
> some pains to disagree with the motion and as
> to why the first opinion, Mr. [Ouda's] first
> opinion . . . was not a net opinion.

In response to Judge Grispin's request, plaintiff expressly

declined to offer any oral argument in rebuttal.

The record shows Judge Grispin thereafter articulated the

standard of review applicable to a motion for reconsideration and

reached the following conclusion:

> The [c]ourt ruled that the first report, the
> October 24, 2014 report, by Mr. [Ouda] was
> insufficient.  Ms. Nguyen, although she is
> self-represented, has litigated several
> different matters here and apparently also in
> other counties.  I believe she has a matter
> pending in Middlesex County, and she obviously
> had the matter in Somerset County, which was
> the predicate for the allegations of
> malpractice against the defendant here, Ms.
> Lord.  But even though she is self-
> represented, she is required, and I have made
> that clear to her on every occasion, to
> comport with all of the rules.  She took a
> risk by submitting Mr. [Ouda's] report.  It's
> not necessarily her fault.  She didn't – –
> she's not an expert, but she hired Mr. [Ouda]

---

[2] The transcript of the oral argument session misspelled Mr. Ouda's
name.  We will disregard this typographical error.

A-0128-15T2

as her expert. If he submitted a deficient report, she lives or dies with that.

. . . .

[T]he entire process would be thrown into chaos if reports could be amended, if deficient reports could be amended to hopefully comport with what would be a satisfactory opinion once the expert or putative expert determines that there is soon to be a decision rendering his or her report as a net opinion. It is clear, as I said before, that Mr. [Ouda's] second report specifically addressed the motion filed by [defense counsel]. That is unacceptable, that does not comport with fair play. This matter the [c]ourt believes was filed a day late.[3] And even if it weren't, on its merits there is no reason to reconsider the [c]ourt's opinion that Mr. [Ouda's] October 24, 2014 report was a net opinion and, consequently, the motion is denied.

Absent a showing of an abuse of discretion, we are bound to uphold a trial court's decision to deny a motion for reconsideration concerning the admissibility of an expert's report. Townsend v. Pierre, 221 N.J. 36, 52-53 (2015). An "abuse of discretion only arises on demonstration of 'manifest error or injustice[,]'" Hisenaj v. Kuehner, 194 N.J. 6, 20 (2008) (quoting

---

[3] A motion for reconsideration pursuant to Rule 4:49-2 "shall be served not later than 20 days after service of the judgment or order upon all parties by the party obtaining it." Pursuant to Rule 1:3-4(c), "[n]either the parties nor the court may . . . enlarge the time specified by . . . [Rule] 4:49-2." See also Eastampton Ctr., LLC v. Planning Bd. of Twp. of Eastampton, 354 N.J. Super. 171, 187 (App. Div. 2002).

A-0128-15T2

State v. Torres, 183 N.J. 554, 572 (2005)), and occurs when the trial judge's "decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012) (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)). Furthermore, as our colleague Judge Jonathan Harris made clear nearly three decades ago:

> Reconsideration should be utilized only for those cases which fall into that narrow corridor in which either 1) the Court has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence.
>
> [D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990).]

As the record we have taken the time to quote evidently shows, there are no legal grounds to interfere with or modify Judge Grispin's well-reasoned opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0128-15T2